JUDGE SCHOFIELD

**13 CIV 8017**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
DAVID R. KOZLOW,

                              Plaintiff,

           v.

THE CITY OF NEW YORK, MICHAEL R.
BLOOMBERG, as the Mayor of The City of New
York, THE CITY OF NEW YORK POLICE
DEPARTMENT, and RAYMOND W. KELLY, as
Commissioner of The City of New York Police
Department,

                              Defendants.
-----------------------------------------------------------------x

ECF CASE

COMPLAINT

Case No.

RECEIVED
NOV 12 2013
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff David R. Kozlow ("Plaintiff"), by and though his undersigned attorneys, The Law Offices of Fausto E. Zapata, Jr., P.C., hereby files this Action against Defendants, THE CITY OF NEW YORK, MICHAEL R. BLOOMBERG, as Mayor of The City of New York, THE CITY OF NEW YORK POLICE DEPARTMENT, and RAYMOND W. KELLY, as Commissioner of The City of New York Police Department, and alleges, upon personal knowledge as to himself, and upon information and belief as to other matters, as follows:

### INTRODUCTION

1. This lawsuit seeks to recover unpaid overtime wages for Plaintiff pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

2. This lawsuit further seeks liquidated damages and statutory penalties, and attorneys' fees and costs pursuant to the FLSA.

3. Defendants are a public agency as defined in 29 U.S.C. § 203(e) of the FLSA.

4. Plaintiff brings this action because after his employment with Defendants was severed, Defendants refused to pay him wages earned in the form of compensatory time off pursuant to FLSA.

5. Plaintiff brings this action on behalf of himself pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, and specifically, the action provision of 29 U.S.C. § 216(b), to remedy violations of the wage and hour provisions of the FLSA by Defendants that have deprived Plaintiff of his lawfully earned wages.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over the claims in this action pursuant to the provisions of 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as the Defendants' principal place of business is in this district.

8. This Court is empowered to issue a declaratory judgment and further necessary or proper relief based on a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

9. At all relevant times, Plaintiff was an employee within the meaning of the FLSA, 29 U.S.C. § 203(e).

10. Plaintiff was employed by Defendants at The City of New York Police Department as a Police officer from on or about October 22, 1986, to August 23, 2013, when Defendants terminated Plaintiff's employment.

11. At all relevant times, Defendants were employers within the meaning of the FLSA, 29 U.S.C. §§ 203(d) and 203(e).

12. Defendant THE CITY OF NEW YORK is a municipal corporation duly organized and existing under the Constitution and laws of the State and City of New York.

13. Defendant MICHAEL R. BLOOMBERG is the Mayor of the City of New York.

14. Defendant, The City of New York Police Department ("NYPD"), is an agency of the City of New York authorized and existing pursuant to NY City Charter §§ 431, et seq., and New York City Administrative Code, Title 14, §§ 14-101, et seq.

15. At all relevant times, The City of New York Police Department maintained its principal place of business at One Police Plaza, New York, New York 10038.

16. Defendant Raymond W. Kelly ("Kelly") is the Commissioner of NYPD and has the powers and duties set forth in the New York City Charter, Chapter §§ 431, et seq., and New York City Administrative Code, Title 14, §§ 14-101, et seq.

17. Collectively, THE CITY OF NEW YORK, MICHAEL R. BLOOMBERG, KELLY, AND NYPD are hereinafter referred to as "Defendants."

18. At all relevant times, Defendants were covered employers within the meaning of the FLSA, and employed and / or jointly employed Plaintiff and similarly situated employees.

19. At all relevant times, Defendants maintained control, oversight, and direction over Plaintiff, including payroll and other employment practices that applied to them.

20. At all relevant times, Defendants had the power to hire and fire Plaintiff. Defendants also controlled Plaintiff terms and conditions of employment, and determined their rate and method of compensation.

## FACTUAL ALLEGATIONS

21. Defendants hired Plaintiff, on or about October 22, 1986, to work as a Police Officer for NYPD.

22. As a Police Officer, Plaintiff's duties involved duties related to the public safety and emergency response activity in THE CITY OF NEW YORK.

23. During Plaintiff's employment with Defendants, there were occasions where he worked more than forty hours in one workweek and instead of being compensated at a rate equal to one and a half times his normal hourly rate for all hours worked beyond forty hours in one work week, Plaintiff received compensatory time.

24. Defendant's violated the FLSA by continuing to compensate Plaintiff with compensatory time in leiu of overtime cash wages after Plaintiff had accrued more than 480 hours of FLSA compensatory time off.

25. At all relevant times during Plaintiff's employment with Defendants, Plaintiff's duties as a Police Officer did not include managerial responsibilities or the exercise of independent judgment.

26. On or about August 29, 2013, Plaintiff's employment with Defendants' was severed and Defendants refused to pay Plaintiff for the accrued FLSA compensatory time off that he had earned during his employment.

27. Plaintiff has made numerous demands to be compensated by Defendants but Defendants have consistently refused.

28. Defendants were aware or should have been aware that they were required to pay Plaintiff for the hours Plaintiff worked each workweek.

## FIRST CLAIM OF RELIEF
## FAIR LABOR STANDARDS ACT – UNPAID WAGES

29. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

30. Defendants violated the FLSA, 29 U.S.C. §§ 201 *et seq.* and related United States Department of Labor regulations by willfully failing to pay Plaintiff compensatory time off when his employment ended.

31. The Defendants knew or should have known that they were required to pay Plaintiff his earned FLSA compensatory time off when Plaintiff ceased working for Defendants.

32. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants unpaid wages and an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, requests that this Court grant the following relief:

a) A declaratory judgment that Defendants' practices complained of herein are willful violations of the FLSA;

b) An injunction against Defendants' and their respective officers, agents, successors, employees, representatives and any and all persons acting in

5

concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c) An award of damages for wages and an additional, equal amount as liquidated damages owed under the FLSA and the supporting United States Department of Labor regulations;

d) An award of prejudgment and post judgment interest under the FLSA;

e) An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees; and,

f) Such other and further relief as this Court deems just and proper.

Date:   November 11, 2013
        New York, New York

                                        The Law Offices of
                                        Fausto E. Zapata, Jr., P.C.
                                        *Attorneys for Plaintiff*

                                        By: _____
                                        Fausto E. Zapata, Jr. (FZ4957)
                                        The Law Offices of Fausto E.
                                        Zapata, Jr., P.C.
                                        277 Broadway, Suite 206
                                        New York, NY 10007
                                        Tel: (212) 766-9870
                                        Fax: (212) 766-9869
                                        Email: fz@fzapatalaw.com